UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TISHAWN MERRITT,**

        **Plaintiff,**

v.                                                                                              Case No: 6:24-cv-1365-JSS-DCI

**ZOE KNOWLES, ADVENT HEALTH HOSPITAL, PATRICIO G BRUNO, CENTRAL FLORIDA BEHAVIORAL CENTER, SOFIA QUADIR, ASPIRE HEALTH PARTNERS and JORGE DORTA-DUQUE,**

        **Defendants.**

ORDER

    This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Motion for Clerk's Entry of Default (Doc. 75)
>
> **FILED:** November 5, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part**.

    By Order dated August 5, 2024, the Court granted Plaintiff's Motion to Proceed In Forma Pauperis and directed the Clerk to mail summonses and Marshal 285 forms to Plaintiff for Plaintiff to complete. Doc. 7. Plaintiff returned and completed the forms, and the returns of service have been filed. Docs. 13, 15, 18. Pending before the Court is Plaintiff's Motion for Clerk's Entry of Default as to Defendants Aspire Health Partners, Inc. (Defendant Aspire Health), Dr. Patricio G.

Bruno, D.O. (Defendant Bruno), and Deputy Zoe Knowles (Defendant Knowles). Doc. 75 (the Motion).

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Prior to directing the Clerk to enter a default, the court must first determine whether a plaintiff properly effected service of process. *United States v. Donald*, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Even though Defendants have not filed a response in opposition, the Motion is due to be granted only in part. The Process Receipt and Return reflects that the Marshal personally served Defendant Knowles (Doc. 15) and, therefore, the Court finds that Plaintiff is entitled to entry of Clerk's default as to that individual. *See* Fed.R.Civ.P. 4(e); Fla. Stat. § 48.031(1)(a). The Court is not satisfied, however, that Defendants Aspire Health and Bruno have been served. Specifically, the Process Receipt and Return as to Defendant Aspire Health reflects that the Marshal served "Yelonda Jackson, Medical Records Manager" and remarked "Accepted by individual on behalf of stated defendant." Doc. 13. But there is nothing before the Court to reflect that service on this individual is sufficient, as Defendant Aspire Health is a Florida corporation with a registered agent located at a different address. *See* www.sunbiz.org;[1] Fed.R.Civ.P. 4(h); Fla. Stat. § 48.081. Accordingly, the Motion is due to be denied with respect to the corporation.

---

[1] According to www.sunbiz.org, there was an Aspire Health Partners, Inc. located at 1800 Mercy Drive, Suite 100, Orlando, Florida. that is currently "inactive" with a voluntary dissolution filed. Another search, however, reflects that there exists an "active" Aspire Health Partners, Inc. with a registered agent located in Tampa, Florida.

Further, the Process Receipt and Return as to Defendant Bruno reflects that the Marshal served "Margarita Gonzalez, Front desk coordinator" and remarks "Accepted by individual on behalf of stated defendant at new address." Doc. 18. The Court finds the proof of service to be insufficient to reflect proper service as it is unaware of any authority that would support the proposition that serving a "front desk coordinator" on behalf of an individual defendant is adequate under Florida law. *See* Fed.R.Civ.P. 4(e); Fla. Stat. § 48.031. As such, Plaintiff has not established entitlement to default under Rule 55(a).

But the Court finds that good cause exists to permit another attempt at service. Rule 4(m) provides that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Eleventh Circuit has held that "the failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009). "When a plaintiff proceeds *in forma pauperis*, the plaintiff relies on court officers, including the Clerk of Court and United States Marshals, to effect proper service." *Bijou v. Southern Management Corp.*, 2010 WL 11507472, at *3 (M.D. Fla. July 8, 2010) (citing *Rance*, 583 F.3d at 1288); Fed. R Civ. P. 4(c)(3)). Accordingly, the Court finds that Plaintiff should be given another opportunity to properly serve Defendants Aspire Health and Bruno through the Marshal's service.

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 75) is **GRANTED in part** to the extent that the **CLERK** is directed to enter default against Defendant Knowles pursuant to Rule 55(a);

2. the **CLERK** is directed to mail summonses and Marshal 285 forms to Plaintiff;

3. **Plaintiff shall complete and return the summonses and Marshal 285 forms on or before the fifteenth day after the Clerk mails the summonses and Marshal forms**;

4. the **CLERK** is directed to provide the completed summonses and Marshal 285 forms to the United States Marshal;

5. upon receipt of the completed summonses and Marshal 285 form, the United States Marshal is directed to serve the summonses without cost to Plaintiff; and

6. the remainder of the Motion (Doc. 75) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on January 14, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties