## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

TISHAWN MERRITT,

                **Plaintiff,**

v.                                   **Case No: 6:24-cv-1365-JSS-DCI**

ZOE KNOWLES, ADVENT HEALTH
HOSPITAL, PATRICIO G BRUNO,
CENTRAL FLORIDA BEHAVIORAL
CENTER, SOFIA QUADIR, ASPIRE
HEALTH PARTNERS, AND JORGE
DORTA-DUQUE,

                **Defendants.**

_____

### ORDER

Plaintiff, proceeding *pro se*, initiated this case by filing a Civil Rights Complaint against Defendants based on events related to her involuntary hospitalization. Doc. 1. Pending before the Court is Plaintiff's Motion for Default Judgment against the Defendant Zoe Knowles (Knowles). Doc. 100 (the Motion). The Clerk has entered default (Doc. 95), and Plaintiff now seeks final default judgment against Knowles "in the amount of One Hundred Million dollars for her unlawful role[.]" Doc. 100.

As an initial matter, the Motion is insufficient. Namely, Plaintiff does not include a statement of the basis for the request or a legal memorandum supporting the request for default. *See* Local Rule 3.01(a) ("A motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."). The Motion is denied for this reason alone.

Also, a party is not entitled to a default judgment merely because a clerk has entered default. Instead, before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Here, Plaintiff does not address jurisdiction, service of process, or the elements of her claims against Knowles. As such, the Motion is deficient.

Further, the Motion is due to be denied for another reason. Plaintiff seeks default but states that she "further ask [sic] the Honorable Court if granted to set aside the Final Judgment until the settlement or completion of the legal proceeding against defendant's co defendants listed above." Doc. 100 at 2. Indeed, "in cases involving more than one defendant, a judgment. . . should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants." *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp.*, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted by* 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). As the court in *Nationwide* explained:

> [I]f the plaintiff prevails against the nondefaulting defendants, he is entitled to judgment against both the defaulting and nondefaulting defendants, but if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant.

*Id*. "The purpose behind not entering a default judgment against a defendant when a co-defendant has appeared is the prohibition against logically inconsistent judgments." *United States CFTC v. Montano*, 2019 WL 11648519, at *3 (M.D. Fla. July 15, 2019) (citing *Frow*, 82 U.S. at 554). "This district has followed *Frow* and has been sensitive to the risk of inconsistent judgments."

*Nationwide*, 2011 WL 6752561 at *6 (collecting cases).  The Eleventh Circuit has also stated that it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citation omitted).

In the instant case, Plaintiff claims that all the Defendants violated her civil rights, and she seeks monetary relief in the amount of $100,000,000.00 from each Defendant, for a total of $700,000,000.00. Doc. 1. Plaintiff claims that Knowles acted in concert with the other Defendants to violate Plaintiff's Constitutional right to due process which led to her "involuntary detain[ment]" and injury. *Id.* at 9.  For each count for relief related to the other Defendants, Plaintiff alleges that she "now suffers with declined brain function, visual impairment and ruptured, deformed butt implant as a result of being involuntarily detained by defendant Orange County Sheriff Zoe Knowles in connection with being negligent prescribed the high risk psychotic medication and battered by the listed defendants[.]" Doc. 1 at 15, 17, 21, 23, 25, 27.

Based on the foregoing, the Court finds that the rationale of *Frow* applies, and the Court should withhold addressing the merits of Plaintiff's request for default judgment.  *See Nautilus Ins. Co. v. LB Ent., LLC*, 2024 WL 5090070, at *2 (M.D. Fla. Dec. 12, 2024) ("[C]ourts under similar circumstances have withheld addressing the merits of a motion for default judgment in a multi-defendant insurance declaratory judgment action when at least one defendant is defending against the claim.") (collecting cases).

Accordingly, it is **ORDERED** that:

1.  Plaintiff's Motion (Doc. 100) is **DENIED without prejudice**; and

2.  **Within 21 days of the resolution of this matter as to all the Defendants other than Defendant Zoe Knowles, Plaintiff shall file a renewed motion for default judgment**

**against Knowles; failure to do so within that time may result in the case being dismissed as to Knowles without further notice.**

Ordered in Orlando, Florida on March 24, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE