UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TISHAWN MERRITT,

    Plaintiff,

v.                                             Case No: 6:24-cv-1365-JSS-DCI

ZOE KNOWLES, ADVENTIST
HEALTH SYSTEM/SUNBELT, INC.,
PATRICIO G. BRUNO, LA
AMISTAD RESIDENTIAL
TREATMENT CENTER, LLC, SOFIA
QADIR, ASPIRE HEALTH
PARTNERS, and JORGE DORTA-
DUQUE,

    Defendants.
_____/

## ORDER

    Defendant Sofia Qadir moves to quash service of process and to dismiss the counts against her for failure to state a claim. (Dkt. 26.) Plaintiff, Tishawn Merritt, proceeding pro se, opposes these motions. (Dkt. 60.) Upon consideration, for the reasons outlined below, the court grants the motion to quash and denies without prejudice the motion to dismiss.

## BACKGROUND

    Plaintiff initiated this action in July 2024 by filing a complaint (Dkt. 1) and a motion to proceed in forma pauperis (Dkt. 2). In the complaint, Plaintiff alleges Dr. Qadir's employment as a mental health professional with former Defendant Central

Florida Behavioral Center. (Dkt. 1 at 21–23.)[1] On August 5, 2024, the court granted the motion to proceed in forma pauperis and arranged for the United States Marshals Service to serve Defendants without cost to Plaintiff. (Dkt. 7.)

The record contains two process receipt and return forms from the Marshals Service indicating that on August 23, 2024, at 11:20 A.M., the Marshals Service served Central Florida Behavioral Center, and potentially attempted to serve Dr. Qadir, by leaving the necessary documents with Chief Operation Officer Elyse Brandeberry, who "[a]ccepted" service "on behalf of [the] stated defendant." (Dkts. 14, 16.) Each form asked Plaintiff to provide "serve at" information by first naming the person—"individual, company, corporation, etc."—to be served or describing the property to be "seize[d] or condemn[ed]" and then giving the address for that person or property. (Dkts. 14, 16 (cleaned up).) Plaintiff named the person to be served as Central Florida Behavioral Center on one form and as Central Florida Behavioral Center care of Dr. Sofia Qadir on the other and provided the same nonresidential address on both forms. (Dkts. 14, 16.)

## APPLICABLE STANDARDS

Although courts "give liberal construction" to documents filed by pro se plaintiffs, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), pro se plaintiffs are

---

[1] In October 2024, the court granted a motion to amend the pleadings in this case by interlineation explaining that although Central Florida Behavioral Center does business as the similarly worded Central Florida Behavioral Hospital, its correct corporate name is La Amistad Residential Treatment Center, LLC. (*See* Dkts. 63, 65.) Accordingly, the court refers to Central Florida Behavioral Center as a former Defendant. La Amistad Residential Treatment Center, LLC, however, is a current Defendant.

still "required . . . to conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))).

Federal Rule of Civil Procedure 4(e) provides that an individual defendant "may be served in a judicial district of the United States" in one of four ways: (1) by "delivering a copy of the summons and of the complaint to the individual personally," (2) by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," (3) by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process," or (4) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," here Florida law. Fed. R. Civ. P. 4(e). Florida law generally provides:

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is [fifteen] years of age or older and informing the person of their contents.

Fla. Stat. § 48.031(1)(a). "[T]he burden of proving the validity of service of process is on the plaintiff." *Martin v. Salvatierra*, 233 F.R.D. 630, 631 (S.D. Fla. 2005); *accord Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014) ("Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity.").

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "If a defendant is not served within [ninety] days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The court has the discretion "to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

## ANALYSIS

As to service of process, Dr. Qadir contends that she was improperly served in this case because the Marshals Service delivered a summons and complaint to Ms. Brandeberry—not her—at her place of employment—not her residence. (Dkt. 26 at 17–18.) Plaintiff responds that "the evidence in this case and court records will show" that the Marshals Service properly served Dr. Qadir on August 23, 2024. (Dkt. 60 at 7.) Plaintiff makes this point in a single sentence: she does not elaborate on it or describe any evidence, records, or authorities supporting it. (*See id.*)

The court agrees with Dr. Qadir. The process receipt and return forms establish that the Marshals Service did not deliver the summons and complaint to Dr. Qadir personally or leave them at her dwelling or usual place of abode. (*See* Dkts. 14, 16.) Instead, as the forms show, the Marshals Service left the summons and complaint with Ms. Brandeberry at a nonresidential address associated with Central Florida

Behavioral Center. (Dkts. 14, 16.) Although Ms. Brandeberry reportedly "accepted" service "on behalf of [the] stated defendant," (Dkts. 14, 16), this language likely indicates that she accepted service on behalf of Central Florida Behavioral Center in her capacity as its Chief Operation Officer, rather than on Dr. Qadir's behalf. Even if Ms. Brandeberry accepted service on Dr. Qadir's behalf, Plaintiff has not met her burden of proving that Ms. Brandeberry was an agent authorized to receive service on Dr. Qadir's behalf or that service on Dr. Qadir was otherwise valid under federal or Florida law. *See Fitzpatrick*, 580 F. App'x at 694; *Martin*, 233 F.R.D. at 631. The court therefore grants Dr. Qadir's motion to quash. *See Halbig v. Lake County*, No. 5:22-cv-106-JA-PRL, 2022 U.S. Dist. LEXIS 94109, at *3 (M.D. Fla. May 25, 2022) ("Service of process was not proper as to the individual defendants. [They] were not personally served, nor were copies of the complaint and summons delivered to their homes or to a person authorized to receive the service of process." (citation omitted)).

Absent proper service, the court lacks personal jurisdiction over Dr. Qadir. *See Pardazi*, 896 F.2d at 1317. Accordingly, the court denies without prejudice Dr. Qadir's motion to dismiss for failure to state a claim. Dr. Qadir may renew her motion to dismiss if Plaintiff perfects service on her. *See Atl. Aerospace Trading Inc. v. Endurance Assurance Corp.*, No. 24-61061-CIV-DIMITROULEAS, 2024 U.S. Dist. LEXIS 235253, at *4–5 (S.D. Fla. Aug. 16, 2024) ("The [c]ourt . . . will . . . quash service and give [the p]laintiff thirty . . . days to perfect service. The [c]ourt does not address [the d]efendant's motion to dismiss for failure to state a claim . . . and will deny the motion without prejudice to [the d]efendant filing a such a motion if and when [the p]laintiff

perfects sufficient service of process upon [the d]efendant."); *Symington v. BVAJ Marine, Ltd.*, No. 20-60761-CIV-SMITH, 2020 U.S. Dist. LEXIS 140828, at *1 (S.D. Fla. Aug. 5, 2020) ("[T]he motion to quash is granted.  Because [the d]efendant is not properly before the [c]ourt, it is premature to consider [the d]efendant's motion to dismiss for failure to state a claim."); *In re Brown*, 7 B.R. 486, 488 (Bankr. N.D. Ga. 1980) (quashing service of process on the defendant and reserving the defendant's motion to dismiss for failure to state a claim for future consideration).

## CONCLUSION

Accordingly:

1. The motion to quash is **GRANTED**, and the motion to dismiss is **DENIED without prejudice**.  (*See* Dkt. 26.)

2. Any service of process on Dr. Qadir suggested by the August 30, 2024 proof of service mentioning her (Dkt. 16) is **QUASHED**.

3. The Clerk is **DIRECTED** to mail the necessary summons and process receipt and return form to Plaintiff so that Plaintiff can perfect service on Dr. Qadir.

4. Plaintiff shall complete and return the summons and form to the court on or before the fifteenth day after the date the Clerk mails the summons and form.

5. Upon receipt of the completed summons and form from Plaintiff, the Clerk is **DIRECTED** to provide the completed summons and form to the Marshals Service, and upon receipt of the completed summons and form from the Clerk,

the Marshals Service is **DIRECTED** to serve the summons without cost to Plaintiff in compliance with Federal Rule of Civil Procedure 4(e).

**ORDERED** in Orlando, Florida, on March 28, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record