# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TISHAWN MERRITT,**

      **Plaintiff,**

v.                                                                             **Case No: 6:24-cv-1365-JSS-DCI**

**ZOE KNOWLES, ADVENT HEALTH HOSPITAL, PATRICIO G BRUNO, CENTRAL FLORIDA BEHAVIORAL CENTER, SOFIA QUADIR, ASPIRE HEALTH PARTNERS and JORGE DORTA-DUQUE,**

      **Defendants.**

___

## ORDER

On March 12, 2025, the Court directed Plaintiff to show cause why the case against Defendant Jorge Dorta-Duque (Dorta-Duque) should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m). Doc. 102. Plaintiff has filed a response and apparently cannot locate a correct address for Defendant Dorta-Duque and requests the Court's assistance. Doc. 104. Despite the lack of service, Plaintiff has since filed a Motion for Clerk's Default against Defendant Dorta-Duque. Doc. 112. Plaintiff has also moved for the same relief against Defendants Aspire Health Partners (Aspire) and Patricio G. Bruno (Bruno). Docs. 109, 112.

Plaintiff is entitled to Clerk's entry of default with respect to Defendant Bruno but not Defendants Aspire and Dorta-Duque. As the Court will discuss, a hearing is necessary to address Plaintiff's service attempts on Defendants Aspire and Dorta-Duque.

    **I.**    **Defendant Bruno**

With respect to Defendant Bruno, Plaintiff states that she seeks a "Clerk's default judgement against defendant Dr. Patricio Bruno for failure to file a response to the plaintiff's

complaint with the court as required by the Federal Rules of Civil Procedure." Doc. 109. Plaintiff does not specify which Rule of Civil Procedure serves as the basis for "default judgment," but to the extent she relies on Rule 55(b), the request is premature. *See Persaud v. Md. Audio Eng'g Inc.*, 2023 WL 5916603, at *1 (M.D. Fla. Aug. 10, 2023) ("[T]o the extent that Plaintiff seeks 'judgment' by default, a request for default judgment is premature as Plaintiff has not obtained a Clerk's judgment against Defendant.") (citing *AWGI, LLC v. Team Smart Move, LLC*, 2012 WL 12904224, at *1 (M.D. Fla. Sept. 28, 2012), *report and recommendation adopted by*, 2012 WL 122904225 (M.D. Fla. Oct. 4, 2012) ("[T]he clerk's entry of default must precede an application for default judgment.").

Even so, the Court finds that Plaintiff is entitled to the Clerk's entry of default against Defendant Bruno pursuant to Rule 55(a). Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Prior to directing the Clerk to enter a default, the court must first determine whether a plaintiff properly effected service of process. *United States v. Donald*, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Here, the most recent Process Receipt and Return reflects that the United States Marshals Service (USMS) personally served Defendant Bruno on February 10, 2025. Doc. 99. Defendant Bruno has not filed an answer or otherwise responded to the Complaint and the time for doing so has elapsed. Accordingly, the Court finds that Plaintiff is entitled to the Clerk's entry of default against Defendant Bruno.

## II.  Defendant Aspire

Plaintiff, however, is not entitled to relief with respect to Defendant Aspire. As an initial matter, Plaintiff does not include a statement of the basis for the relief or a legal memorandum in

support of the request. *See* Local Rule 3.01(a) ("A motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."). Accordingly, the Motion is due to be denied.

Regardless, on the record before the Court, the Court is not satisfied that Defendant Aspire has been properly served. Plaintiff moves for Clerk's entry of "default judgement" against Defendant Aspire (Doc. 108), but the Process Receipt and Return reflects that the USMS served Defendant Aspire through "Lourdes Perez, receptionist." Doc. 98. There is nothing before the Court to show that service on this individual is proper service under applicable law. Namely, Defendant Aspire has a registered agent located at a different address, and the Court is not persuaded that service on a receptionist at the address listed on the summons—albeit the corporation's mailing address—is sufficient. *See* www.sunbiz.org; Fla. Stat. § 48.081. As such, the Court questions the adequacy of the USMS's latest attempt at service and, since Plaintiff does not sufficiently address the issue in the Motion for Default, the request is due to be denied.

While Plaintiff will be given another opportunity to move for default against Defendant Aspire, the Court is not inclined to face another round of service attempts without a hearing on the matter. Notably, this is not the first time the Court has addressed the USMS's attempts to serve Defendant Aspire and has even called to everyone's attention that there is a registered agent. Specifically, the docket reflects that the USMS previously served "Yelonda Jackson, Medical Records Manager" on behalf of Defendant Aspire and remarked, "Accepted by individual on behalf of stated defendant." Doc. 13. In the Court's denial of Plaintiff's request for default, the Court found that service on this individual was insufficient as Defendant Aspire is a Florida

corporation with a registered agent located at a different address. Doc. 94. The Court will conduct a hearing to further address the issues with service concerning Defendant Aspire.

### III.     Defendant Dorta-Duque

In Plaintiff's Response to the Order to Show Cause, Plaintiff notes that she provided two addresses for Defendant Dorta-Duque, but the USMS has returned unexecuted summonses targeting those addresses. Doc. 104 at 2; *See also* Docs. 19, 101. Plaintiff, therefore, requests that the Court "order the defendant's employer and codefendant. . . to furnish the Court and plaintiff with the last known address of the defendant" and requests "additional time for the plaintiff to place an ad in the local News Paper informing the defendant that the plaintiff has filed a complaint[.]" Doc. 104.

Upon due consideration, Plaintiff's requests are denied. Plaintiff has provided no legal basis for either request and, therefore, Plaintiff is not entitled to relief. *See* Local Rule 3.01(a). Also, to the extent Plaintiff's Response can be construed to include a request for permission to serve Defendant Dorta-Duque through alternative service, the Court finds that Plaintiff is not entitled to relief at this juncture. The Court will further address this issue at the hearing, including whether and to what extent the USMS has used reasonable efforts to serve Defendant Dorta-Duque.

Finally, Plaintiff recently filed a Motion for Clerk's Default against Defendant Dorta-Duque. Doc. 112. Again, the Motion is due to be denied because Plaintiff does not include a statement of the basis for the relief or a legal memorandum in support of the request. *See* Local Rule 3.01(a). In any event, default is not appropriate because Defendant Dorta-Duque has not been served, as the docket and Plaintiff's Response to the Order to Show Cause reflect.

## IV. Conclusion

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's requests included within the response to the Order to Show Cause (Doc. 104) are **DENIED without prejudice**;

2. Plaintiff's Motion for Default against Defendant Aspire (Doc. 108) is **DENIED without prejudice**;

3. Plaintiff's Motion for Default (Doc. 109) is **GRANTED in part** to the extent the Clerk is directed to enter default against Defendant Bruno pursuant to Rule 55(a), but the remainder of the Motion (Doc. 109) is **DENIED**;

4. Plaintiff's Motion for Default against Defendant Dorta-Duque (Doc. 112) is **DENIED without prejudice**;

5. **on May 7, 2025, at 10:00am**, the Court will conduct a hearing in this case before the undersigned United States Magistrate Judge at the United States Courthouse at 401 W. Central Blvd., Orlando, Florida 32801 in Courtroom 5C, and **a representative from the USMS with knowledge of the service efforts in this case shall appear in person at the hearing**; and

6. **if the USMS serves Defendants Aspire and Dorta-Duque prior to the hearing, the presence of the USMS will not be required—at the request of the USMS, the Clerk is authorized to provide the USMS another summons for Defendants Aspire and Dorta-Duque**.

**ORDERED** in Orlando, Florida on April 17, 2025.

Copies furnished to:
Counsel of Record
Unrepresented Parties
United States Marshals Service

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE