UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TISHAWN MERRITT,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Case No: 6:24-cv-1365-JSS-DCI

ZOE KNOWLES, ADVENTIST
HEALTH SYSTEM/SUNBELT, INC.,
PATRICIO G. BRUNO, SOFIA
QADIR, ASPIRE HEALTH
PARTNERS, JORGE DORTA-
DUQUE, and LA AMISTAD
RESIDENTIAL TREATMENT
CENTER, LLC,

    Defendants.
_____/

## **ORDER**

    All non-defaulting Defendants[1] move to dismiss Plaintiff's pro se complaint (Dkt. 1). (Dkts. 20, 28, 122, 128, 130.) Plaintiff opposes the motions. (Dkts. 40, 47, 131, 132, 133.) For the reasons outlined below, the court grants the motions.

---

[1] The Clerk has entered default against Deputy Zoe Knowles and Dr. Patricio G. Bruno. (Dkts. 95, 115.) Thus, the court does not discuss these parties further, except to caution Plaintiff that she must include well-pleaded allegations against them in an amended complaint if she wishes to maintain claims against them. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by [her or] his default, admits the plaintiff's well-pleaded allegations of fact . . . . [However, t]he defendant is not held to admit facts that are not *well-pleaded* . . . ."). Because the complaint is due to be dismissed as a shotgun pleading, the allegations therein are not well-pleaded. *See Alvarez v. Gregory HVAC LLC*, No. 8:19-cv-1826-CEH-JSS, 2021 WL 3857560, at *4–5, 2021 U.S. Dist. LEXIS 163505, at *8–12 (M.D. Fla. Aug. 30, 2021) (denying a motion for default judgment and dismissing a complaint as a shotgun pleading). When the court refers to Defendants in this order, it refers to the non-defaulting Defendants in particular.

## BACKGROUND[2]

Plaintiff alleges that on August 16, 2019, employees with Orange County emergency services took her to AdventHealth Orlando hospital for elevated blood pressure and chest pains. (Dkt. 1 at 11.) Plaintiff states that while at AdventHealth, she was "involuntarily detained" under the Baker Act "for a mental health examination" related to a domestic violence incident report. (*Id.*) *See* Fla. Stat. § 394.463; *Watkins v. Bigwood*, 797 F. App'x 438, 442 (11th Cir. 2019) ("Under Florida's Baker Act, a person may be subjected involuntarily to a mental health examination if there is a substantial likelihood that without care or treatment the person will cause serious bodily harm to himself or herself or others in the near future." (cleaned up)). According to Plaintiff, AdventHealth negligently gave her the anti-psychotic medicine Haldol, a brand of haloperidol. (Dkt. 1 at 11.) Allegedly, Plaintiff was detained at AdventHealth from August 16 to 20, 2019, and was then involuntarily transferred to Central Florida Behavior Center psychiatric hospital. (*Id.* at 12.) At Central Florida Behavior Center, Plaintiff states, Dr. Sofia Qadir misdiagnosed Plaintiff and negligently administered anti-psychotic medication to her as a requirement for her release. (*Id.* at 22.) Plaintiff reports that on September 22, 2019, she was transported to Aspire Health psychiatric hospital. (*Id.* at 12, 25, 27.) There, Plaintiff claims, Dr. Jorge Dorta-Duque wrongfully sedated her with haloperidol and involuntarily restrained her in a room for several hours. (*Id.* at 27.) Plaintiff further

---

[2] The court derives the facts from the complaint (Dkt. 1). *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).

states that she was battered at Aspire Health and that consequently, implants in her body ruptured on September 22, 2019. (*Id.* at 12, 25.) Plaintiff asserts that in addition to these ruptured implants, she suffered "declined brain function[ and] visual impairment" as a result of Defendants' misconduct. (*Id.* at 12.)

Plaintiff initiated this case in July 2024 alleging deprivations of her due process rights under 42 U.S.C. § 1983, as well as related torts under Florida law. (*See* Dkt. 1.) She sues Dr. Qadir, Dr. Dorta-Duque, and the business entities that operate the three hospitals: Adventist Health System/Sunbelt, Inc. for AdventHealth, La Amistad Residential Treatment Center, LLC for Central Florida Behavioral Center, and Aspire Health Partners for Aspire Health. (*Id.* at 10; *see* Dkts. 65, 69.) For state tort claims, Plaintiff alleges "[m]edical negligence, wrongful imprisonment, negligent dispensing [or administering] of [anti-]psychotic medication[,] and infliction of emotional distress" against Dr. Qadir, Adventist, and La Amistad, (Dkt. 1 at 13, 17–18, 21; *see* Dkts. 65, 69), and "negligent battery, wrongful imprisonment, [and] intentional infliction of emotional distress" against Dr. Dorta-Duque and Aspire Health Partners, (Dkt. 1 at 23, 26). Defendants move to dismiss the complaint, raising arguments related to shotgun pleading and statutes of limitations. (Dkt. 20 at 5–8, 21–24; Dkt. 28 at 3–5, 11–12; Dkt. 122 at 4–6, 9–10; Dkt. 128 at 4–6, 9–10; Dkt. 130 at 5–10, 12–13, 17–18.)[3]

---

[3] Defendants further maintain that the complaint fails to state a claim (including by failing to satisfy elements for section 1983), that Plaintiff's failure to comply with statutory requirements for her medical negligence claims necessitates dismissal of the claims, and that Plaintiff cannot pursue joint

## APPLICABLE STANDARDS

The court "give[s] liberal construction" to documents filed by pro se plaintiffs, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), but the leniency afforded to such plaintiffs "does not give [the] court license to serve as de facto counsel for [them] or to rewrite an otherwise deficient pleading . . . to sustain an action," *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (emphasis and citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Further, pro se plaintiffs are still "required . . . to conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002); *see Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))). The two procedural rules applicable in the shotgun pleading context are Federal Rules of Civil Procedure 8(a)(2) and 10(b). *See Weiland v. Palm Beach Cnty. Sheriff's Off.* 792 F.3d 1313, 1320 (11th Cir. 2015).

Rule 8(a)(2) requires a complaint to "contain . . . a short and plain statement of [a] claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To "promote clarity," Rule 10(b) also requires plaintiffs to state "each claim founded

---

and several liability on Florida negligence claims. (Dkt. 20 at 9–21; Dkt. 28 at 5–14; Dkt. 122 at 6–9; Dkt. 128 at 6–9; Dkt. 130 at 7–8, 10–17.) Given the resolution of the issues involving shotgun pleading and statutes of limitations, the court does not address these other arguments.

on a separate transaction or occurrence . . . in a separate count." *Id.* "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland*, 792 F.3d at 1320. Shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. A court may dismiss a complaint as a shotgun pleading "where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Id.* at 1325 (emphasis omitted) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

In deciding a motion to dismiss for failure to state a claim, a court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). To survive a motion to dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 544). A claim is facially plausible if a plaintiff pleads facts that allow a court to draw a reasonable inference that a defendant is liable for the alleged misconduct. *Id.* While "detailed factual allegations" are not generally required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of actions will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Generally, when analyzing a motion to dismiss for failure to state a claim, a court only considers

the four corners of the complaint and the exhibits attached to the complaint. *See Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023). "A statute of limitations defense is an affirmative defense," *Paetz v. United States*, 795 F.2d 1533, 1536 (11th Cir. 1986), but dismissal on statute of limitations grounds is appropriate when "it is apparent from the face of the complaint that the claim is time-barred," *Karantsalis v. City of Miami Springs*, 17 F.4th 1316, 1319–20 (11th Cir. 2021) (quoting *United States ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F.3d 1081, 1085 (11th Cir. 2018)). This court applies federal procedural law for all claims, federal substantive law for the section 1983 claims, and Florida substantive law for the supplemental state claims. *See Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1259 (11th Cir. 2015) (discussing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

## ANALYSIS

The court first explains why Plaintiff's complaint constitutes an impermissible shotgun pleading. The court then addresses Defendants' arguments that Plaintiff's claims against them are time-barred under statutes of limitations.

### A. Shotgun Pleading

Plaintiff's complaint is a shotgun pleading because it does "not separat[e] into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322–23. For example, the sole count against Dr. Qadir alleges "[m]edical negligence, wrongful imprisonment, negligent administering of [anti-]psychotic medication[,] and infliction of emotional distress," (Dkt. 1 at 21), and the sole count against Dr. Dorta-

Duque alleges "negligent battery, wrongful imprisonment, [and] intentional infliction of emotional distress" (IIED), (*id.* at 26).  Given the pleading deficiency of combining different claims, such as negligence and false imprisonment,[4] within a single count, it is "virtually impossible [for Defendants] to know [from the complaint] which allegations of fact are intended to support which claim(s) for relief."  *See Weiland*, 792 F.3d at 1325 (emphasis omitted); *see also Burke v. Custom Marine Grp.*, 847 F. App'x 578, 581 (11th Cir. 2021) ("The district court correctly identified [the] complaint as implicating the . . . failure to separate into a different count each cause of action or claim for relief.  In Count V, [the plaintiff] alleged 'Negligent Manufacturing, Design, Failure to Warn, Etc.' . . . .  These are distinct theories of liability that involve different facts and should be asserted independently." (footnote and quotation omitted)); *Trophia v. Camping World, Inc.*, 616 F. Supp. 3d 1305, 1310 (M.D. Fla. 2022) ("[B]ecause a claim for loss of consortium is a separate claim, combining that claim with another claim under the same count raises shotgun[ ]pleading concerns.").

To correct this deficiency in an amended complaint, Plaintiff must list each of her claims in a separate count with supporting factual allegations.  *See Weiland*, 792 F.3d at 1322–23.  If Plaintiff wishes to bring negligence, false imprisonment, and IIED

---

[4] Though Adventist criticizes Plaintiff's reference to a tort of "wrongful imprisonment," (Dkt. 20 at 9 ("Florida law does not recognize a claim for 'wrongful imprisonment.'")), the court construes the "wrongful imprisonment" claims liberally as claims for false imprisonment, *see Albra*, 490 F.3d at 829. Florida law requires Plaintiff to establish four elements for false imprisonment: "[(1)] the unlawful detention and deprivation of liberty of a person [(2)] against that person's will [(3)] without legal authority or 'color of authority' and [(4)] which is unreasonable and unwarranted under the circumstances." *City of Boca Raton v. Basso*, 242 So. 3d 1141, 1143 (Fla. Dist. Ct. App. 2018) (quoting *Montejo v. Martin Mem'l Med. Ctr., Inc.*, 935 So. 2d 1266, 1268 (Fla. Dist. Ct. App. 2006)).

claims against a defendant, for example, she must set out one count against the defendant for negligence, another count against the defendant for false imprisonment, and another count against the defendant for IIED. Additionally, Plaintiff must include in each count the elements for that count's claim and the facts supporting those elements. Each count must include only the elements and facts applicable to it. *See Ely v. Mobile Cnty. Sch. Bd.*, No. 15-566-KD-M, 2016 WL 3188926, at *8, 2016 U.S. Dist. LEXIS 73665, at *21 (S.D. Ala. May 11, 2016) ("[The p]laintiff should clearly state under each count the law under which [s]he is proceeding[,] clearly list what facts apply to that count[,] clearly explain under each count how the legal right implicated by that count was violated (including how each element of the cause of action is alleged)[,] and clearly articulate the relief requested—all with statements of relevant facts rendering the claims plausible but without excessive tangential or irrelevant material."), *report and recommendation adopted by* 2016 WL 3189244, at *1, 2016 U.S. Dist. LEXIS 73663, at *1 (S.D. Ala. June 7, 2016).

The court notes three additional pleading deficiencies that Plaintiff shall correct if she amends her complaint. First, it is not clear from the complaint whether Plaintiff asserts claims of procedural due process, substantive due process, or both under section 1983, nor is it clear which parties are being sued for due process violations. (*See* Dkt. 1.) To plead a procedural due process claim, Plaintiff must allege "(1) a deprivation of a constitutionally[ ]protected liberty or property interest[,] (2) state action[,] and (3) constitutionally[ ]inadequate process." *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006) (quotation omitted). To plead a substantive due process claim, Plaintiff

must allege (1) that she was "depriv[ed] of a constitutionally protected interest[] and (2) that the deprivation was the result of an abuse of governmental power sufficient to raise an ordinary tort to the stature of a constitutional violation." *Hoefling v. City of Miami*, 811 F.3d 1271, 1282 (11th Cir. 2016) (quotation omitted).  If Plaintiff brings a due process claim in her amended complaint, she shall specify whether the claim is a procedural due process or substantive due process claim and shall also identify the defendant for the claim.  The court advises Plaintiff that she cannot proceed under a theory of respondeat superior with respect to any section 1983 claims, including her due process claims.  *See Harvey v. Harvey*, 949 F.2d 1127, 1129 (11th Cir. 1992) ("A defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis.").  If Plaintiff asserts multiple due process claims, each claim shall appear in its own count in the amended complaint, and each count shall include only the elements and facts applicable to the claim therein.  Plaintiff shall not include time-barred counts in her amended complaint.

Second, Plaintiff incorrectly alleges "negligent battery" against some Defendants. (Dkt. 1 at 23, 26.)  *See Essex Ins. Co. v. Big Top of Tampa, Inc.*, 53 So. 3d 1220, 1223 (Fla. Dist. Ct. App. 2011) ("There is no such thing as the negligent commission of an intentional tort, such as battery." (cleaned up)).  The Federal Rules of Civil Procedure allow inconsistent claims such as battery and negligence to be pleaded in the alternative.  *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out two or more statements of a claim . . . alternatively . . . .  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").  The elements

of a civil battery claim under Florida law are "(1) the intent to cause a harmful or offensive contact with another person[] and (2) an offensive contact that directly or indirectly results." *Brown v. J.C. Penney Corp.*, 521 F. App'x 922, 923 (11th Cir. 2013) (citing *Chorak v. Naughton*, 409 So. 2d 35, 39 (Fla. Dist. Ct. App. 1981)). To allege negligence under Florida law, Plaintiff must plead (1) a duty of care owed by defendant to the plaintiff, (2) the defendant's breach of that duty, (3) causation, and (4) damages suffered by the plaintiff. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012). If Plaintiff wishes to assert both negligence and battery against a defendant in her amended complaint, she may do so in the alternative, but Plaintiff shall refrain from alleging negligent battery in her amended complaint.

Third, although Plaintiff sues Dr. Dorta-Duque and Aspire Health Partners for IIED specifically, (Dkt. 1 at 23, 26), she sues other Defendants for the infliction of emotional distress generally without clarifying whether the claims are for IIED, negligent infliction of emotional distress (NIED), or both, (*see id.* at 13, 17, 21). Florida law requires Plaintiff to satisfy four elements for an IIED claim:

> (1) The wrongdoer's conduct was intentional or reckless[;] that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was [so] outrageous . . . as to go beyond all bounds of decency[] and . . . be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe.

*Deauville Hotel Mgmt., LLC v. Ward*, 219 So. 3d 949, 954–55 (Fla. Dist. Ct. App. 2017) (quotation omitted). Whether conduct is sufficiently outrageous to support an IIED claim is an issue of law for the court to decide, not an issue of fact. *Id.* at 955.

"Although there is no definitive example of what constitutes 'outrageous conduct' for the purposes of maintaining a cause of action for [IIED], Florida case[]law on the subject has evinced a comparatively high standard." *Golden v. Complete Holdings, Inc.*, 818 F. Supp. 1495, 1499 (M.D. Fla. 1993). As for NIED, "[i]n Florida, 'persons who suffer a physical injury as a result of emotional distress arising from their witnessing the death or injury of a loved one'" may assert an NIED claim. *Godelia v. Doe*, 881 F.3d 1309, 1322 (11th Cir. 2018) (quoting *Zell v. Meek*, 665 So. 2d 1048, 1050 (Fla. 1995)). Such a claim also has four elements:

> (1) the plaintiff must suffer a discernable physical injury[,] (2) the physical injury must be caused by the psychological trauma[,] (3) the plaintiff must be involved in the event causing the negligent injury to another[,] and (4) the plaintiff must have a close personal relationship to the directly injured person.

*Legrande v. Emmanuel*, 889 So. 2d 991, 995 (Fla. Dist. Ct. App. 2004). If Plaintiff wishes to assert emotional distress claims in her amended complaint, she shall specify which type of emotional distress claims she is bringing.

### B. Time-Barred Claims

Defendants assert that Plaintiff's state tort claims against them and section 1983 claims against Dr. Qadir are time-barred.[5] (Dkt. 20 at 21–24; Dkt. 28 at 11–12; Dkt. 122 at 4–6; Dkt. 128 at 4–6; Dkt. 130 at 8–10, 12–13, 17–18.) The court agrees.

Florida's medical negligence statute of limitations provides:

---

[5] The court distinguishes between the state tort claims and due process claims in the complaint because "[m]ere incidents of [medical] negligence or malpractice do not rise to the level of constitutional violations." *See Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).

> An action for medical malpractice shall be commenced within [two] years from the time the incident giving rise to the action occurred or within [two] years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than [four] years from the date of the incident or occurrence out of which the cause of action accrued, except that this [four]-year period shall not bar an action brought on behalf of a minor on or before the child's eighth birthday. An 'action for medical malpractice' is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health[]care.

Fla. Stat. § 95.11(5)(c); *see Silva v. Sw. Fla. Blood Bank*, 601 So. 2d 1184 (Fla. 1992) (interpreting "medical diagnosis, treatment, or care" and "provider of health[]care" in the statute by applying the plain meaning of the words). As Plaintiff has not brought this case on behalf of a minor, by the statute's plain language, she had four years maximum from the complained-of events to assert the state tort claims in her complaint, and she did not meet this deadline. The complained-of events occurred in August and September 2019, and Plaintiff did not file the complaint in this case until July 2024. (*See* Dkt. 1.) Therefore, Plaintiff's state tort claims against Defendants are time-barred under the medical negligence statute of limitations.

La Amistad also contends that Plaintiff's false imprisonment claim against it is time-barred under Florida's false imprisonment statute of limitations. (Dkt. 28 at 12.) The limitations period for false imprisonment is four years in Florida. Fla. Stat. § 95.11(3)(n); *Garcia v. Psychiatric Institutes of Am., Inc.*, 638 So. 2d 567, 567 (Fla. Dist. Ct. App. 1994) ("[T]he tort[] of false imprisonment . . . is subject to the four[-]year

statute of limitations."). Because Plaintiff filed this complaint in July 2024, more than four years after her alleged imprisonment, her false imprisonment claim against La Amistad is time-barred on this basis, as well.

Additionally, Dr. Qadir argues that the due process and emotional distress claims against her are time-barred under the applicable statutes of limitations for such claims. (Dkt. 130 at 12–13, 17–18.) Section 1983 claims, such as Plaintiff's due process claims, "are governed by the forum state's residual personal injury statute of limitations, which in Florida" sets of a limitations period of "four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002); *see* Fla. Stat. § 95.11(3)(o). IIED claims also have a four-year limitations period in Florida. *See* Fla. Stat. § 95.11(3)(n); *W.D. v. Archdiocese of Mia., Inc.*, 197 So. 3d 584, 587 (Fla. Dist. Ct. App. 2016) (noting the four-year limitations period for IIED claims). As "[a]n action founded on negligence," Fla. Stat. § 95.11(5)(a), an NIED claim under Florida law is subject to a two-year limitations period, *id.*; *see Trocano v. Vivaldi*, 720 F. Supp. 3d 1231, 1241 (M.D. Fla. 2024) (observing in the NIED context that "an action founded on negligence must be filed within two years"). Dr. Qadir's alleged misconduct occurred in August 2019. (*See* Dkt. 1 at 22.) Because Plaintiff filed this complaint in July 2024, her due process and emotional distress claims against Dr. Qadir are time-barred under Florida's statutes of limitations for such claims.

Plaintiff's arguments on the statute of limitations issues are not persuasive. To begin with, Plaintiff does not sufficiently develop these arguments with citations to legal authorities. (*See* Dkts. 40, 47, 131, 132, 133.) *See United States v. Harding*, 104

F.4th 1291, 1300 (11th Cir. 2024) ("A party abandons an issue when [it] makes only passing references to [the issue] or raises it in a perfunctory manner without supporting arguments and authority." (quotation omitted)). Nonetheless, the court discusses Plaintiff's four main arguments.

First, Plaintiff asserts that as a result of the complained-of events, she was "physically and mentally unable" to sue La Amistad until June 2023. (Dkt. 47 at 6.) The court construes this assertion as contending that the statutes of limitations were tolled because of Plaintiff's incapacity. Tolling refers to suspending the running of "the statute of limitations time clock until the identified condition is settled." *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1076 (Fla. 2001) (quotation omitted). The time under the statutes of limitations is tolled by the "adjudicated incapacity, before the cause of action accrued, of the person entitled to sue." Fla. Stat. § 95.051(1)(d). Because the tolling requires Plaintiff to have been deemed legally incompetent before the complained-of events, not after them, her alleged incapacity fails to toll the statute of limitations. *See Morsani*, 790 So. 2d at 1075.

Second, Plaintiff maintains that the continuing violation doctrine applies to her claims because she received drug treatment in thirty-day increments from August 2019 to December 2022. (Dkt. 132 at 2–3; Dkt. 133 at 3.) "The continuing violation doctrine permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period." *Robinson v. United States*, 327 F. App'x 816, 818 (11th Cir. 2007). "When the violation alleged involves continuing injury, the cause of action accrues, and the limitation period begins to run, at the time

the unlawful conduct ceases." *Id.* Here, the alleged unlawful conduct ceased in September 2019 at the latest. (*See* Dkt. 1.) Consequently, the continuing violation doctrine does not overcome the statutes of limitations. *See Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) ("The critical distinction in the continuing violation analysis is whether the plaintiff complains of the present consequence of a one[-]time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does. Here, the defendants' act . . . was a one[-]time act with continued consequences, and the limitations period is not extended." (alterations adopted and quotation omitted)).

Third, Plaintiff invokes the relation back doctrine to argue that because she initially brought her claims against Defendants in August 2023 in a previous lawsuit, her complaint in this case relates back to her complaint in that lawsuit, which fell within the four-year limitations period. (Dkt. 131 at 4; Dkt. 133 at 4.) However, the "relation back doctrine has application only in instances where an original pleading is amended. . . . The amendment does not . . . relate back to any prior proceedings . . . not part of the action in question." *Rayo v. New York*, 882 F. Supp. 37, 40 (N.D.N.Y. 1995) (citing Fed. R. Civ. P. 15); *accord Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994) ("[A] separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim."). Therefore, Plaintiff's current complaint does not relate back to the complaint in her previous lawsuit.

Fourth, Plaintiff asserts that the Supremacy Clause of the United States Constitution preempts Florida's statutes of limitations. (Dkt. 131 at 4; Dkt. 132 at 6; Dkt. 133 at 5.) The Supremacy Clause preempts "state laws that 'interfere with, or are contrary to[,]' federal law." *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1266 (11th Cir. 2023) (quoting *Gibbons v. Ogden*, 22 U.S. 1, 211 (1824)). Plaintiff does not identify a federal law for the preemption analysis. (*See* Dkt. 131 at 4; Dkt. 132 at 6; Dkt. 133 at 5.) However, the court construes her Supremacy Clause argument as contending that Florida's statutes of limitations interfere with or are contrary to section 1983 or the federal due process rights Plaintiff seeks to vindicate through that section. Because the Eleventh Circuit has affirmed when courts have applied Florida's statutes of limitations to dismiss state tort claims brought alongside due process claims—and indeed has affirmed dismissals of due process claims on statute of limitations grounds—this argument fails. *See Hollis v. W. Acad. Charter, Inc.*, 782 F. App'x 951 (11th Cir. 2019) (affirming the dismissal of a defamation claim as time-barred under Florida's statute of limitations for such claims when the pro se plaintiff also brought due process claims under section 1983); *see also McGroarty v. Swearingen*, 977 F.3d 1302 (11th Cir. 2020) (affirming the dismissal of substantive due process claims as time-barred); *Black v. Broward Emp't & Training Admin.*, 846 F.2d 1311 (11th Cir. 1988) (affirming the dismissal of procedural due process claims as time-barred); *cf. Jones v. United States*, No. 22-13381, 2024 WL 837054, at *5, 2024 U.S. App. LEXIS 4659, at *12 (11th Cir. Feb. 28, 2024) ("[T]he Florida statute of repose for medical-malpractice claims is not preempted by the [Federal Tort Claims Act.]" (citation omitted)).

Plaintiff's state tort claims against Defendants and section 1983 claims against Dr. Qadir are thus time-barred.

## CONCLUSION

Accordingly:

1. Defendants' motions (Dkts. 20, 28, 122, 128, 130) are **GRANTED**.

2. Plaintiff's state tort claims against Adventist, La Amistad, Dr. Qadir, Aspire Health Partners, and Dr. Dorta-Duque are **DISMISSED with prejudice** as time-barred.

3. Plaintiff's section 1983 claims against Dr. Qadir are **DISMISSED with prejudice** as time-barred.

4. The remainder of Plaintiff's claims are **DISMISSED without prejudice** on shotgun pleading grounds. If Plaintiff can do so in good faith while fully complying with this order and the Federal Rules of Civil Procedure, she may file an amended complaint. If she does so, she shall comply with all the directions in this order and shall correct all the pleading deficiencies discussed herein. Plaintiff shall not include any time-barred claims in her amended complaint.

5. If Plaintiff wishes to file an amended complaint, she shall do so on or before August 6, 2025. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time

allowed for amendment expires without the plaintiff seeking an extension. And when the order becomes a final judgment, the district court loses all its prejudgment powers to grant any more extensions of time to amend the complaint." (citation and quotation omitted)). If the amended complaint fails to comply with any of the directions in this order, the court may dismiss it without notice to Plaintiff.

**ORDERED** in Orlando, Florida, on July 16, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties