UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TISHAWN MERRITT,

     Plaintiff,

v.                                                          Case No: 6:24-cv-1365-JSS-DCI

ZOE KNOWLES, ADVENTIST
HEALTH SYSTEM/SUNBELT, INC.,
PATRICIO G. BRUNO, SOFIA
QADIR, ASPIRE HEALTH
PARTNERS, JORGE DORTA-
DUQUE, and LA AMISTAD
RESIDENTIAL TREATMENT
CENTER, LLC,

     Defendants.

_____/

## **ORDER**

All non-defaulting Defendants[1] move to dismiss the second amended complaint

(Dkt. 139) with prejudice as a shotgun pleading and for failure to state a claim.  (*See*

Dkts. 140, 141, 145, 146.)  Plaintiff, proceeding pro se,[2] opposes the motions.  (*See*

---

[1] Because the Clerk has entered default against Deputy Zoe Knowles and Dr. Patricio G. Bruno, (Dkts. 95, 115), the court does not discuss these parties further, except to caution Plaintiff that she must include well-pleaded allegations against them in a third amended complaint if she wishes to maintain claims against them. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by [her or] his default, admits the plaintiff's well-pleaded allegations of fact . . . . [However, t]he defendant is not held to admit facts that are not *well-pleaded* . . . .").  Because the second amended complaint is due to be dismissed as a shotgun pleading, the allegations therein are not well-pleaded. *See Alvarez v. Gregory HVAC LLC*, No. 8:19-cv-1826-CEH-JSS, 2021 WL 3857560, at *4–5, 2021 U.S. Dist. LEXIS 163505, at *8–12 (M.D. Fla. Aug. 30, 2021) (denying a motion for default judgment and dismissing a complaint as a shotgun pleading).  When the court refers to Defendants in this order, it refers to the non-defaulting Defendants in particular.

[2]     The    court    encourages    Plaintiff    to    read    the    Local    Rules    at https://www.flmd.uscourts.gov/sites/flmd/files/flmd-amended-local-rules-effective-november-01-

Dkts. 149, 150, 151, 152.)  Upon consideration, for the reasons outlined below, the court grants Defendants' motions in part, dismissing the second amended complaint but allowing Plaintiff to replead if she can do so in good faith.

## BACKGROUND[3]

Plaintiff alleges that on August 16, 2019, employees with Orange County emergency services took her to AdventHealth Orlando hospital for elevated blood pressure and chest pains.  (Dkt. 139 at 3.)  Plaintiff states that while at AdventHealth, she was detained under the Baker Act for a mental health examination related to a domestic violence incident report.  (*Id.*)  *See* Fla. Stat. § 394.463; *Watkins v. Bigwood*, 797 F. App'x 438, 442 (11th Cir. 2019) ("Under Florida's Baker Act, a person may be subjected involuntarily to a mental health examination if there is a substantial likelihood that without care or treatment the person will cause serious bodily harm to himself or herself or others in the near future." (cleaned up)).  According to Plaintiff, AdventHealth administered to her the anti-psychotic medicine Haldol, a brand of haloperidol.  (Dkt. 139 at 3.)  Allegedly, Plaintiff was detained at AdventHealth from August 16 to 20, 2019, and was then involuntarily transferred to Central Florida Behavior Center psychiatric hospital.  (*Id.*)  At Central Florida Behavior Center, Plaintiff states, Dr. Sofia Qadir misdiagnosed Plaintiff and negligently administered anti-psychotic medication to her as a requirement for her release.  (*Id.*)  Plaintiff reports

---

2025.pdf and to consult the resources for pro se parties available at https://www.flmd.uscourts.gov/litigants-without-lawyers.

[3] The court derives the facts from the second amended complaint (Dkt. 139).  *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).

that on September 22, 2019, she was transported to Aspire Health psychiatric hospital. (*Id.*)   There, Plaintiff claims, Dr. Jorge Dorta-Duque wrongfully sedated her with haloperidol and involuntarily restrained her in a room for several hours.   (*Id.* at 4.) Plaintiff further states that she was battered at Aspire Health and that consequently, implants in her body ruptured.  (*Id.*)  Plaintiff asserts that in addition to these ruptured implants, she suffered declined brain function and visual impairment as a result of Defendants' misconduct.  (*Id.*)

Accordingly, in July 2024, Plaintiff initiated this case against Dr. Qadir, Dr. Dorta-Duque, and the business entities that operate the three hospitals: Adventist Health System/Sunbelt, Inc. for AdventHealth, La Amistad Residential Treatment Center, LLC for Central Florida Behavioral Center, and Aspire Health Partners for Aspire Health.  (*See* Dkt. 1.)  Initially, Plaintiff sued Defendants for deprivations of her due process rights under 42 U.S.C. § 1983 and related torts under Florida law.  (*See* Dkt. 1.)  Defendants moved to dismiss the initial complaint, (*see* Dkts. 20, 28, 122, 128, 130), and the court granted the motions, (*see* Dkt. 136).  The court dismissed the state tort claims against Defendants and the section 1983 claims against Dr. Qadir with prejudice as time-barred.  (*Id.* at 17.)  The court dismissed the remainder of Plaintiff's claims without prejudice on shotgun pleading grounds and permitted Plaintiff to file an amended complaint provided that the amended complaint complied with all the directions in the dismissal order and corrected all the pleading deficiencies identified therein.  (*Id.*)  These pleading deficiencies included the failure to separate into a different count each claim for relief and the failure to indicate which parties were sued

for which constitutional violations. (*Id.* at 6–9.) Plaintiff timely submitted an amended complaint (Dkt. 137), but because the amended complaint did not fully comply with the dismissal order, the court dismissed it while allowing Plaintiff to file a second amended complaint. (Dkt. 138.)

The second amended complaint is titled Amended Claim for Violation of Civil Rights and is divided into five sections: an untitled introduction, brief sections on jurisdiction and background information, a thirty-two-page section consisting of the counts asserted, and a concluding prayer for relief. (*See* Dkt. 139.) In the introduction, Plaintiff seemingly pursues joint and several liability against Defendants for violations of "civil rights . . . protected by the United States Constitution" and refers to procedural due process under the Fourteenth Amendment and unreasonable seizure under the Fourth Amendment. (*Id.* at 1–2.) In the jurisdiction section, Plaintiff asserts not only federal question jurisdiction but also "supplemental jurisdiction over [her claims of f]alse imprisonment, kidnapping, illegal transportation/[h]uman [t]rafficking[,] and unlawful medicating." (*Id.* at 2.) In this section, Plaintiff also states that an unidentified "federal statute outlines the general statute of limitations for non-capital offenses, setting the five-year deadline." (*Id.*) The background section discusses the alleged misconduct described above. (*Id.* at 3–4.) In the section devoted to the counts asserted, Plaintiff brings multiple counts against each Defendant. (*Id.* at 4–35.) After setting out all counts against a Defendant, Plaintiff describes the relief requested as to that Defendant before moving on to the next Defendant. (*Id.*) Although Plaintiff seeks a variety of monetary damages, such as medical expenses, lost

wages, and compensation for her pain and suffering, she seeks no relief other than monetary damages. (*See id.* at 11–12, 14–15, 19–20, 22–23, 26–27, 30–31, 34–35; *see also id.* at 35–36 (the concluding prayer for relief).)

Each count in the second amended complaint invokes at least one federal law. (*Id.* at 4–35.) Plaintiff purports to sue Defendants under the criminal statutes 18 U.S.C. §§ 1201 and 1347 as well as the Trafficking Victims Protection Act (TVPA) of 2000. (Dkt. 139 at 12–15, 20–36.) Plaintiff combines claims under 18 U.S.C. § 1347 and the TVPA into a single count (and does so five times). (Dkt. 139 at 13–14, 21–22, 25–26, 29–30, 33–34.) Aside from the section with the counts, the second amended complaint does not contain numbered paragraphs. (*See id. passim.*) In that section, Plaintiff numbers the paragraphs inconsistently and restarts the numbering with each count. (*Id.* at 4–35.) Because the introduction, jurisdiction, and background sections lack numbered paragraphs, Plaintiff does not incorporate by reference any paragraphs from these sections into her counts. (*See id. passim.*) Plaintiff also does not mention jurisdiction outside the jurisdiction section. (*See id.*) Further, overall, the second amended complaint exhibits atypical and inconsistent spacing, (*see id.*), particularly in the background section, (*see id.* at 3–4), and one of the counts, (*see id.* at 4–6). Within that count, the font color also shifts from black to red and back to black. (*Id.* at 6.)

The deadline for amending the pleadings in this case expired on November 20, 2024. (Dkt. 67 at 1.) The amended case management and scheduling order advises the parties that motions to amend any pleading filed after November 19, 2025, are disfavored. (Dkt. 160 at 2.)

## APPLICABLE STANDARDS

The court "give[s] liberal construction" to documents filed by pro se plaintiffs, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), but the leniency afforded to such plaintiffs "does not give [the] court license to serve as de facto counsel for [them] or to rewrite an otherwise deficient pleading . . . to sustain an action," *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (emphasis and citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "[A] plaintiff cannot amend [a] complaint through a response to a motion to dismiss, even if [the plaintiff] is 'proceeding pro se.'" *Davis-Harrison v. Chief U.S. Prob. Officer Middle Dist. of Fla.*, No. 22-14334, 2024 WL 2874046, at *2, 2024 U.S. App. LEXIS 13921, at *5 (11th Cir. June 7, 2024) (quoting *Dorman v. Aronofsky*, 36 F.4th 1306, 1317 (11th Cir. 2022)). Pro se plaintiffs are still "required . . . to conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002); *see Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))). The two procedural rules most applicable in the shotgun pleading context are Federal Rules of Civil Procedure 8(a)(2) and 10(b). *See Weiland v. Palm Beach Cnty. Sheriff's Off.* 792 F.3d 1313, 1320 (11th Cir. 2015).

Rule 8(a)(2) requires a complaint to "contain . . . a short and plain statement of [a] claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule

10(b) requires plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To "promote clarity," Rule 10(b) also requires plaintiffs to state "each claim founded on a separate transaction or occurrence . . . in a separate count." *Id.* "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland*, 792 F.3d at 1320. Shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. A court may dismiss a complaint as a shotgun pleading "where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Id.* at 1325 (emphasis omitted) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

In deciding a motion to dismiss for failure to state a claim, a court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). To survive a motion to dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 544). A claim is facially plausible if a plaintiff pleads facts that allow a court to draw a reasonable inference that a defendant is liable for the alleged misconduct. *Id.* While "detailed factual allegations" are not generally required, "[a]

- 7 -

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of actions will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Generally, when analyzing a motion to dismiss for failure to state a claim, a court only considers the four corners of the complaint and the exhibits attached to the complaint. *See Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023).

## ANALYSIS

The court first explains that the second amended complaint, like the initial complaint, is an impermissible shotgun pleading. The court then explains that the criminal statutes, 18 U.S.C. §§ 1201 and 1347, do not provide Plaintiff with a private cause of action. After providing these explanations, the court addresses Plaintiff's federal trafficking claims. The court concludes by considering leave to amend.

### A. Shotgun Pleading

The Eleventh Circuit recognizes four categories of shotgun pleading, *see Weiland*, 792 F.3d at 1321–23, and the second amended complaint implicates each category, (*see* Dkt. 139). Primarily, as Adventist and La Amistad assert, (Dkt. 140 at 7; Dkt. 146 at 4–5), the second amended complaint still does "not separat[e] into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322–23. (*See, e.g.*, Dkt. 139 at 13–14; *see also* Dkt. 136 at 6–8.) This first deficiency manifests in the repeated combining of claims under 18 U.S.C. § 1347 and the TVPA into a single count. (Dkt. 139 at 13–14, 21–22, 25–26, 29–30, 33–34.) As Aspire Health Partners and Dr. Dorta-Duque note, these two statutes are "separate and unrelated."

(Dkt. 145 at 4.)  Consequently, a claim under each statute belongs in its own count. *See Roman v. Tyco Simplex Grinnell*, No. 8:16-cv-3449-T-33AEP, 2017 WL 2427251, at *4–5, 2017 U.S. Dist. LEXIS 85378, at *12–13 (M.D. Fla. June 5, 2017) (dismissing a complaint when the plaintiff seemingly brought a count under both the Occupational Safety and Health Act and the TVPA because *Weiland* required separate counts for each statute); *see also Griffin v. Calderon*, No. 6:24-cv-1432-PGB-LHP, 2024 WL 5378959, at *5, 2024 U.S. Dist. LEXIS 231960, at *12–13 (M.D. Fla. Dec. 23, 2024) (recommending the dismissal of a complaint on shotgun pleading grounds when "at least one count of the complaint assert[ed] several causes of action," including criminal violations, "as one"), *report and recommendation adopted by* 2025 WL 350401, at *3, 2025 U.S. Dist. LEXIS 17306, at *6 (M.D. Fla. Jan. 31, 2025).

The references, in the second amended complaint's introduction, to Defendants' alleged constitutional violations also concern this first deficiency.  (*See* Dkt. 139 at 1–2.)  Insofar as the introduction represents Plaintiff's attempt to advance constitutional claims against Defendants, multiple constitutional claims are combined in a cursory fashion in that one section.  (*See id.*; *see also* Dkt. 140 at 14–15 (indicating a lack of clarity as to whether Plaintiff sues Defendants for constitutional violations and noting that the introduction mentions both procedural due process and unreasonable seizure); Dkt. 146 at 10–11 (same).)  Claims for procedural due process and unreasonable seizure entail different elements.  *See Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) ("[A section 1983] claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally[

]protected liberty or property interest[,] (2) state action[,] and (3) constitutionally[ ]inadequate process."); *D.P. v. Sch. Bd. of Palm Beach Cnty.*, 658 F. Supp. 3d 1187, 1217 (S.D. Fla. 2021) ("To show a violation of the Fourth Amendment's protection against an illegal seizure, [p]laintiffs must . . . allege that there was no probable cause to detain [them] under Florida's Baker Act. The [c]ourt must evaluate the totality of the circumstances to determine whether probable cause existed." (citing *Khoury v. Miami-Dade Cnty. Sch. Bd.*, 4 F.4th 1118, 1126 (11th Cir. 2021))). Such claims thus belong in separate counts, with each count tailored to the elements. *See Johnston v. Anti-Defamation League*, No. 6:24-cv-1465-JSS-NWH, 2025 WL 2029744, at *9, 2025 U.S. Dist. LEXIS 138401, at *28 (M.D. Fla. July 21, 2025) (requiring the plaintiff to "tailor his allegations to the elements of the cause of action" to avoid another shotgun pleading). Combining different constitutional claims in a single count is generally impermissible. *See Pennington v. Tuscaloosa County*, No. 7:22-cv-01265-ACA, 2023 WL 2601936, at *6, 2023 U.S. Dist. LEXIS 48545, at *16 (N.D. Ala. Mar. 22, 2023) ("To the extent [that the plaintiff] is attempting to assert a failure to protect, unreasonable seizure, denial of medical care, and due process claim in one count, this is an impermissible pleading practice." (citing *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996), and *Anderson*, 77 F.3d at 366–67)); *see also Sharp v. City of Montgomery*, No. 2:22-cv-127-RAH -SMD, 2022 WL 18356663, at *5, 2022 U.S. Dist. LEXIS 206172, at *11 (M.D. Ala. Nov. 14, 2022) (recommending the dismissal of a complaint as a shotgun pleading when the complaint's title referenced rights protected by the Fourth and Fourteenth Amendments related to illegal search and seizure, due

process, and equal protection but the complaint failed to specify the constitutional claims asserted and the facts on which the claims were based), *report and recommendation adopted by* 2023 WL 205154, at *1, 2023 U.S. Dist. LEXIS 7541, at *1 (M.D. Ala. Jan. 17, 2023).

The second amended complaint's jurisdiction section contributes to confusion related to the first deficiency, as well. (*See* Dkt. 139 at 2.) Insofar as Plaintiff invokes a federal law in each count, (*see id.* at 4–35), federal question jurisdiction should suffice. *See Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998) ("[F]ederal[ ]question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute."). However, Plaintiff asserts "supplemental jurisdiction over [her claims of f]alse imprisonment, kidnapping, illegal transportation/[h]uman [t]rafficking[,] and unlawful medicating." (Dkt. 139 at 2.) Supplemental jurisdiction is exercised over state law claims. *See Farquharson v. Citibank, N.A.*, 664 F. App'x 793, 798 (11th Cir. 2016) ("The rest of [the p]laintiffs' claims were state law claims, so the district court could only hear these claims under its supplemental jurisdiction."). Consequently, the jurisdiction section creates confusion as to whether Plaintiff brings state law claims in the second amended complaint. The court notes that Plaintiff cannot assert the state tort claims, including claims related to false imprisonment and unlawful medicating, that the court previously dismissed with prejudice as time-barred. (*See* Dkt. 136 at 11–17.) If Plaintiff brings state law claims through the jurisdiction section, then she commingles

"[f]alse imprisonment, kidnapping, illegal transportation/[h]uman [t]rafficking[,] and unlawful medicating" in that one section.  (*See* Dkt. 139 at 2.)  *Cf. Miles v. Carnival Corp.*, 767 F. Supp. 3d 1368, 1373 (S.D. Fla. 2025) ("To the extent [that the p]laintiff seeks to bring claims against [the d]efendant based on negligent failure to maintain and negligent design, these claims are distinct negligence claims and cannot be nestled within a general negligence claim." (quotations omitted)).  If Plaintiff brings state law claims through the section devoted to the counts asserted, where each count invokes at least one federal law, then she advances state and federal claims in a single count. (*See* Dkt. 139 at 4–35.)  *See Lacayo v. Puerta De Palmas Condo. Ass'n*, 842 F. App'x 378, 383 (11th Cir. 2021) ("[The] second amended complaint . . . was yet another shotgun pleading.  It combined state and federal claims within individual counts . . . ."); *Manzini v. Cypress*, 796 F. Supp. 3d 1146, 1161 n.8 (S.D. Fla. 2025) ("[The p]laintiff does not separately delineate the federal and state[ ]law claims in his [a]mended [c]omplaint, which bears many of the hallmarks of a 'shotgun pleading.'").  The overall lack of clarity respecting Plaintiff's claims makes the second amended complaint a shotgun pleading.  *See Weiland*, 792 F.3d at 1323.

If Plaintiff repleads, she shall remedy the first deficiency by "ensur[ing] that each distinct cause of action . . . is [pleaded] in its own separate count."  *Litke v. P.B. Express, Inc.*, No. 3:23-cv-1266-MMH-PDB, 2024 WL 3634947, at *3, 2024 U.S. Dist. LEXIS 106188, at *6 (M.D. Fla. June 14, 2024).  She shall "list each cause of action into a separately numbered count, with one legal theory per count, and a specifically named [D]efendant or [D]efendants per count."  *Omni Healthcare Inc. v. N. Brevard Cnty.*

- 12 -

*Hosp. Dist.*, No. 6:22-cv-696-JSS-DCI, 2024 WL 4235850, at *6, 2024 U.S. Dist. LEXIS 168941, at *17–18 (M.D. Fla. Sept. 19, 2024) (quotation omitted). Plaintiff "shall not lump together multiple theories in one count; instead, [s]he shall narrow down and separate out h[er] theories of liability such that each asserted theory gets its own count in the amended pleading." *Pringle v. Seminole Cnty. Pub. Schs.*, No. 6:24-cv-835-JSS-DCI, 2025 WL 20019, at *7, 2025 U.S. Dist. LEXIS 26, at *22 (M.D. Fla. Jan. 2, 2025) (alteration adopted and quotations omitted); *see Ortiz v. Carnival Corp.*, No. 20-24838-Civ-Scola, 2020 WL 6945958, at *1, 2020 U.S. Dist. LEXIS 220954, at *2 (S.D. Fla. Nov. 25, 2020) ("Each distinct theory . . . is a separate cause of action that must be asserted independently and with corresponding supporting factual assertions." (collecting cases)).

In addition to improperly combining claims for relief, the second amended complaint exhibits three other pleading deficiencies. (*See* Dkt. 139.) If Plaintiff attempts to bring constitutional claims through the introduction or state law claims through the jurisdiction section, (*see id.* at 1–2), then the sections "assert[] multiple claims against multiple [D]efendants without specifying which . . . [D]efendants are responsible for which acts or omissions, or which . . . [D]efendants the claim is brought against," *see Weiland*, 792 F.3d at 1323. If Plaintiff does not attempt to bring such claims, then the allegations suggesting that she does are "conclusory, vague, and immaterial" and "not obviously connected to any particular cause of action." *See id.* at 1321–22. Further, because the section devoted to the counts asserted fails to clarify which, if any, allegations are incorporated into each count, (*see* Dkt. 139 at 4–35), the

second amended complaint can be read to "contain[] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," *see Weiland*, 792 F.3d at 1321.  Alternatively, if each count in the section incorporates no allegations, then none of the counts therein alleges a jurisdictional basis, in violation of Federal Rule of Civil Procedure 8(a)(1).  (*See* Dkt. 139 at 4–35.) *See Sanchez v. Team Health, LLC*, No. 18-21174-CIV, 2020 WL 12188439, at *1, 2020 U.S. Dist. LEXIS 260038, at *4 (S.D. Fla. May 18, 2020) (dismissing without prejudice counts that failed to incorporate allegations of jurisdiction and other necessary details); *Secker v. Moorings Ltd.*, No. 8:12-CV-1616-T-27MAP, 2013 WL 12388642, at *1–2 & n.5, 2013 U.S. Dist. LEXIS 208420, at *2–3 & n.5 (M.D. Fla. Jan. 16, 2013) (noting that a count "fail[ed] to reallege or incorporate by reference any of the background allegations essential to establishing jurisdiction" and then dismissing the complaint without prejudice as a shotgun pleading).

If Plaintiff repleads, she shall correct these deficiencies.  She shall include in each count the elements for that count's claim and the factual allegations supporting those elements, as "a formulaic recitation of the elements of a cause of action," standing alone, "will not do."  *Twombly*, 550 U.S. at 555.  However, each count shall include only the elements and facts applicable to it.  *See Ely v. Mobile Cnty. Sch. Bd.*, No. 15-566-KD-M, 2016 WL 3188926, at *8, 2016 U.S. Dist. LEXIS 73665, at *21 (S.D. Ala. May 11, 2016) ("[The p]laintiff should clearly state under each count the law under which [s]he is proceeding[,] clearly list what facts apply to that count[,]

clearly explain under each count how the legal right implicated by that count was violated (including how each element of the cause of action is alleged)[,] and clearly articulate the relief requested—all with statements of relevant facts rendering the claims plausible but without excessive tangential or irrelevant material."), *report and recommendation adopted by* 2016 WL 3189244, at *1, 2016 U.S. Dist. LEXIS 73663, at *1 (S.D. Ala. June 7, 2016).  "Plaintiff shall incorporate into each count only those factual allegations necessary to support the count."  *Pringle*, 2025 WL 20019, at *7, 2025 U.S. Dist. LEXIS 26, at *22.  Accordingly, Plaintiff shall exclude references to constitutional violations and supplemental jurisdiction except as necessary to support claims actually asserted in the third amended complaint, and she shall specify the alleged misconduct committed by each Defendant but only as necessary to support the claims brought against that Defendant.  *See Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 664 (11th Cir. 2019) (affirming a dismissal on shotgun pleading grounds when counts "failed to specify the exact conduct each defendant engaged in *as to each count*" (emphasis added)); *see also Zimmerman v. Buttigieg*, 521 F. Supp. 3d 1197, 1207 (M.D. Fla. 2021) ("[L]ump[ing] all allegations against each defendant together . . . is an unacceptable form of establishing a claim for relief.").  Moreover, Plaintiff shall clarify which claims are advanced against which Defendants, and she shall incorporate allegations of jurisdiction and other necessary information by reference into each count.  Further, Plaintiff shall fully comply with all applicable Federal Rules of Civil Procedure and Middle District of Florida Local Rules, including the spacing and other typography requirements set out in Local Rule 1.08(a).  Thus, she shall craft a short

and plain statement of her claims in compliance with Federal Rule of Civil Procedure 8(a)(2) and shall consistently number the paragraphs in the third amended complaint (without restarting the numbering) in compliance with Federal Rule of Civil Procedure 10(b).

Because the pleading deficiencies described above make it "virtually impossible to know" from the second amended complaint "which allegations of fact are intended to support which claim(s) for relief," *see Weiland*, 792 F.3d at 1325, the court dismisses the second amended complaint as a shotgun pleading.  Plaintiff shall follow the court's instructions to ensure that she does not submit another shotgun pleading in this case.

## B. Criminal Statutes

Criminal statutes, such as 18 U.S.C. §§ 1201 and 1347, typically do not afford civil plaintiffs private causes of action.  *See Shotz v. City of Plantation*, 344 F.3d 1161, 1167 n.7 (11th Cir. 2003) ("'[L]anguage customarily found in criminal statutes and other laws enacted for the protection of the general public' is usually not sufficient to confer a federal right." (alteration adopted) (quoting *Cannon v. Univ. of Chi.*, 441 U.S. 677, 690 (1979))); *Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1472 (11th Cir. 1986) ("[29 U.S.C. § 1141] is a criminal statute that provides no private right of action . . . ."); *Donald Frederick Evans & Assocs. v. Cont'l Homes, Inc.*, 785 F.2d 897, 913 (11th Cir. 1986) ("Congress intended that [17 U.S.C. § 506] serve as a criminal statute and not give rise to private actions.").  That general rule applies in this case.  *See Safarini v. Ashcroft*, 285 F. Supp. 3d 407, 416 (D.D.C. 2018) ("[The plaintiff] attempts to invoke two federal criminal statutes (kidnapping, 18 U.S.C. § 1201, and piracy, 18 U.S.C. § 1651), but—

even if applicable—neither of those statutes includes a private right of action . . . ."); *Monroe v. McNairy County*, 850 F. Supp. 2d 848, 876 (W.D. Tenn. 2012) ("[T]he Federal Kidnapping Act is a criminal statute, and there is no indication that Congress intended to create a private right of action for violations of its provisions."); *Boyarkin v. Skorev*, No. 8:25-cv-856-TPB-CPT, 2025 WL 1283934, at *2, 2025 U.S. Dist. LEXIS 83691, at *3 (M.D. Fla. May 2, 2025) ("18 U.S.C. § 1201 carries no private right of action." (citing *Cox v. Kurz*, No. 8:23CV517, 2024 WL 4391418, at *1, 2024 U.S. Dist. LEXIS 180737, at *2 (D. Neb. Oct. 3, 2024), and *Hernandez v. Graham*, No. 5:18-cv-525-D, 2018 WL 6737400, at *2, 2018 U.S. Dist. LEXIS 223611, at *5 (E.D.N.C. Nov. 15, 2018))); *see also Jason v. Grp. Health Coop.*, 530 F. App'x 630, 631 (9th Cir. 2013) ("Dismissal of [the] action was proper because . . . there is no private right of action under 18 U.S.C. § 1347, which defines a party's criminal liability for Medicare fraud." (citation omitted)); *Grant v. Alperovich*, 993 F. Supp. 2d 1356, 1366 (W.D. Wash. 2014) ("Because neither 18 U.S.C. § 1347 nor 18 U.S.C. § 1349 provides a private right of action, [the p]laintiff's claims regarding health care fraud fail as a matter of law."); *Spence v. Garrison Prosthetic Serv.*, No. 19-62998-CIV, 2019 U.S. Dist. LEXIS 218791, at *2 (S.D. Fla. Dec. 19, 2019) ("[F]ederal courts have routinely held that [18 U.S.C.] § 1347 does not create a private cause of action."); *Taylor v. Adventist Health Sys.*, No. 6:16-cv-2220-Orl-37KRS, 2017 WL 589198, at *1, 2017 U.S. Dist. LEXIS 20521, at *2 (M.D. Fla. Feb. 14, 2017) ("[18 U.S.C. §§ 371 and 1347] do not authorize private civil actions."). As a result, the counts that Plaintiff puts forth pursuant to 18 U.S.C. §§ 1201 and 1347 are dismissed with prejudice, and Plaintiff shall not include a count

under either criminal statute in any future pleading in this case.

## C. Federal Trafficking Claims

Technically, Plaintiff advances federal trafficking claims under the Trafficking Victims Protection Act (TVPA) of 2000—which functioned as a criminal statute "penaliz[ing] the full range of human trafficking offenses"—instead of the Trafficking Victims Protection Reauthorization Act (TVPRA) of 2003—which provides "a civil cause of action for victims under the criminal statute." *See Bates v. Sequel Youth & Fam. Servs., LLC*, No. 2:23-cv-01063-RDP, 2026 WL 86833, at *1, 2026 U.S. Dist. LEXIS 5312, at *3 (N.D. Ala. Jan. 12, 2026) (emphasis omitted). (*See* Dkt. 139 at 13, 21, 25, 29, 33.) Nevertheless, the court liberally construes the pro se claims as arising under the TVPRA, 18 U.S.C. § 1595. *See Albra*, 490 F.3d at 829.

The TVPRA authorizes suit against trafficking perpetrators and beneficiaries. *See* 18 U.S.C. § 1595(a) ("An individual who is a victim of a violation of [18 U.S.C. §§ 1581–1597] may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of [18 U.S.C. §§ 1581–1597]) in an appropriate district court of the United States and may recover damages and reasonable attorney[] fees."). Both theories, perpetrator liability and beneficiary liability, depend on alleging one or more violations contained within 18 U.S.C. §§ 1581–1597, which cover various topics associated with human trafficking, including peonage, slavery, involuntary servitude, forced labor, and sex trafficking. Plaintiff generally complains that

Defendants trafficked her by transporting her among their hospitals "for unnecessary fraudulent mental health treatment without legal authority or medical cause." (Dkt. 139 at 13.) Because it is unclear which, if any, of the applicable statutory sections prohibit this purported misconduct, Plaintiff does not identify a predicate violation for her trafficking claims, and the claims are insufficient as a matter of law. *Compare J.R. v. Extended Stay Am., Inc.*, No. 3:23-cv-63-HES-JBT, 2023 WL 11938961, at *4, 2023 U.S. Dist. LEXIS 242276, at *12 (M.D. Fla. Nov. 8, 2023) (dismissing a TVPRA count when the plaintiff "presented no theory suggesting [that the d]efendants participated in" liable misconduct), *with Ramos v. Hoyle*, No. 08-21809-CIV, 2008 WL 5381821, at *4, 2008 U.S. Dist. LEXIS 102677, at *9–10 (S.D. Fla. Dec. 19, 2008) (declining to dismiss a TVPRA count when the plaintiffs "specifically allege[d] . . . violation[s] of 18 U.S.C. § 1589 and 18 U.S.C. § 1590"); *cf. Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, 595 F. Supp. 2d 1253, 1291 (M.D. Fla. 2009) (holding in the securities context that "plaintiffs fail[ed] to state a . . . claim because they fail[ed] to adequately allege a predicate violation"). Although Plaintiff is entitled to leniency, the court cannot rewrite the second amended complaint to save the federal trafficking claims therein. *See GJR*, 132 F.3d at 1369. Further, insofar as Plaintiff attempts to clarify her TVPRA counts by making new allegations in her responses to the motions to dismiss, (*see* Dkts. 149, 150, 151, 152), she cannot amend a pleading in that manner. *See Davis-Harrison*, 2024 WL 2874046, at *2, 2024 U.S. App. LEXIS 13921, at *5.

If Plaintiff repleads her federal trafficking claims, she shall invoke the correct statute and shall specify the violation (or violations) on which the claims are based.

Perpetrator liability based on 18 U.S.C. § 1591(a), for example, requires a plaintiff to plausibly plead three elements: (1) the defendant "knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited by any means a person," (2) the defendant "knew or was in reckless disregard of the fact that force, threat, fraud, coercion, or a combination of such means was employed against a victim," and (3) the purpose was "to cause the victim to engage in a commercial sex act." *Treminio v. Crowley Mar. Corp.*, 707 F. Supp. 3d 1234, 1244 (M.D. Fla. 2023) (alterations adopted and quotation and footnote omitted). Beneficiary liability under 18 U.S.C. § 1595(a) requires a plaintiff to plausibly plead four elements:

> that the defendant (1) knowingly benefited (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that the undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) that the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff.

*Doe v. Red Roof Inns, Inc.*, 21 F.4th 714, 719 (11th Cir. 2021). Because Plaintiff does not adequately allege a violation of the TVPRA as to herself, the court dismisses her federal trafficking claims. The court also agrees with Defendants that the TVPRA counts fail to state claims for other reasons. (*See* Dkt. 140 at 14; Dkt. 141 at 6–7; Dkt. 145 at 9; Dkt. 146 at 8–10.)

### D. Leave to Amend

Defendants ask the court to deny Plaintiff leave to amend because she already filed a shotgun pleading, received leave to amend in an order advising her how to avoid future shotgun pleading deficiencies, and nonetheless submitted another shotgun

pleading.  (*See, e.g.*, Dkt. 140 at 7–8.)  The "repeated failure to cure deficiencies by amendments previously allowed" is a basis for denying leave to amend.  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *see Doscher v. Holding*, No. 22-13184, 2023 WL 6060559, at *3, 2023 U.S. App. LEXIS 24683, at *8–9 (11th Cir. Sept. 18, 2023) ("The district court . . . did not abuse its discretion in dismissing [the] fifth amended complaint with prejudice.  The final amended complaint contained deficiencies similar to [the pro se plaintiff's] original and other amended complaints despite the multiple opportunities and instructions [that the plaintiff] received to correct those problems.  [The plaintiff] also received several warnings, and was therefore on notice, that his failure to comply with federal pleading rules could result in the dismissal of his case.").  However, the Federal Rules of Civil Procedure evidence a liberal policy in favor of amendment.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a pleading before trial] when justice so requires."); *Reeves v. Wilson*, No. CV624-049, 2025 WL 2201078, at *1, 2025 U.S. Dist. LEXIS 148459, at *2 (S.D. Ga. Aug. 1, 2025) ("The Federal Rules adopt a liberal policy towards amended pleadings."), *report and recommendation adopted by* 2025 WL 2616375, at *1, 2025 U.S. Dist. LEXIS 177000, at *1 (S.D. Ga. Sept. 10, 2025).  Further, pro se plaintiffs, such as Plaintiff, receive more leniency from courts than counseled plaintiffs do.  *See GJR*, 132 F.3d at 1369 ("Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education.").  Therefore, the court permits Plaintiff to submit a third amended complaint.  *See Miles*, 767 F. Supp. 3d at 1376 (observing that district courts generally enjoy "discretion to grant leave to

amend sua sponte").

## CONCLUSION

Accordingly:

1. Defendants' motions to dismiss (Dkts. 140, 141, 145, 146) are **GRANTED in part and DENIED in part** as explained in this order. To the extent that Defendants raise arguments related to state action, statutes of repose and limitations, and pre-suit requirements, the motions are **denied without prejudice**.

2. All claims advanced pursuant to 18 U.S.C. §§ 1201 and 1347 are **DISMISSED with prejudice**, and thus, Plaintiff shall not advance such claims in any future pleading in this case. Plaintiff shall also refrain from asserting any claims that were previously dismissed with prejudice. (*See* Dkt. 136 at 17.)

3. The remainder of the claims in the second amended complaint are **DISMISSED without prejudice** on shotgun pleading grounds.

4. On or before March 26, 2026, Plaintiff may file a third amended complaint provided that she can do so in good faith and in full compliance with this order and all applicable Federal Rules of Civil Procedure and Middle District of Florida Local Rules. The court cautions Plaintiff: "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the deadline to amend expires without the plaintiff amending its complaint or seeking an extension of time." *Auto. Alignment & Body Serv., Inc. v. State Farm*

*Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir. 2020).  Moreover, an amended pleading entirely supersedes a prior pleading.  *See TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1327 (11th Cir. 2020).

5. Because the deadline for amending the pleadings expired in November 2024, (Dkt. 67 at 1), Plaintiff shall not assert in her third amended complaint any claims not asserted in her second amended complaint, unless she first satisfies Federal Rule of Civil Procedure 16(b)(4) by demonstrating "good cause" and obtaining "the [court]'s consent," Fed. R. Civ. P. 16(b)(4), through a motion that fully complies with all applicable Local Rules.

6. Plaintiff shall eliminate from her third amended complaint all allegations unrelated to the claims that she asserts in the third amended complaint, and Plaintiff shall add allegations only as necessary to correct the pleading deficiencies identified in this order and to otherwise state claims for relief.

7. If the third amended complaint brings a claim without correcting all pleading deficiencies identified in this order related to that claim or if the third amended complaint fails to comply with this order in any way, the court may dismiss the third amended complaint without notice to Plaintiff.

**ORDERED** in Orlando, Florida, on March 5, 2026.

JULIE S. SNEED<br>
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties